UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MATTEL, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MINOX, a Korean Fictitious Business Entity;<br>AHN SANG HOON, an individual; and DOES<br>1 through 10,<br><br>　　　　Defendants. | CASE NO. 99-01554 FMC (CWx)<br><br>[PROPOSED] DEFAULT JUDGMENT AGAINST DEFENDANTS MINOX AND AHN SANG HOON |

✓ Docketed
✓ Copies / NTC Sent
✓ JS - 5 / JS - 6
— JS - 2 / JS - 3
— CLSD

05796/282417.1

[PROPOSED] DEFAULT JUDGMENT AGAINST DEFENDANTS

FEB 16 2000

Defendants Minox's and Ahn Sang Hoon's defaults having been entered by the court, plaintiff Mattel, Inc.'s ("Mattel's") application for entry of defaults and default judgment having been duly considered by the Court, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment is awarded in this action in favor of Mattel and against defendants Minox and Ahn Sang Hoon on all claims for relief set forth in the complaint; and

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Court's Order Granting Preliminary Injunction Against Defendants Minox and Ann Sang Hoon, entered on August 16, 1999, is entered as a permanent Order. A copy of the Court's August 16, 1999, Order is attached hereto as Exhibit A.

DATED: Feb. 15, 2000

The Honorable Florence-Marie Cooper
United States District Judge

Prepared and submitted by:

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: _____
Steven M. Anderson
Attorneys for Plaintiff
Mattel, Inc.

Exhibit A

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Adrian M. Pruetz (Bar No. 118215)
Steven M. Anderson (Bar No. 144014)
Deven R. Desai (Bar No. 194564)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 624-7707

Attorneys for Plaintiff
Mattel, Inc.

LODGED
CLERK, U.S. DISTRICT COURT

JUL 15 1999

CENTRAL DISTRICT OF CALIFORNIA
BY                                  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MATTEL, INC.,

    Plaintiff,

v.

MINOX, a Korean Fictitious Business Entity; AHN SANG HOON, an individual; and DOES 1 through 10,

    Defendants.

CASE NO. 99-1554 DDP (CWx)

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION AGAINST DEFENDANTS MINOX AND AHN SANG HOON

Date: August 16, 1999
Time: 10:00 a.m.
Ctrm: The Honorable Dean D. Pregerson

FILED
CLERK, U.S. DISTRICT COURT

AUG 18 1999

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEP.

05595/258209.1

EXHIBIT A

Plaintiff's Motion for a Preliminary Injunction came on for hearing on August 16, 1999, before this Court, the Honorable Dean D. Pregerson presiding.

After full consideration of the evidence and the arguments of counsel and all other matters presented to the Court, it appears to the satisfaction of this Court that:

1. Mattel is reasonably likely to prevail on the merits of claims one ~~through five~~ of its Complaint at trial;

2. Mattel has suffered, and will continue to suffer, immediate and irreparable injury, loss and damage if defendants Minox and Ahn Sang Hoon and all those acting on their behalf or in concert or participation with them are not enjoined from using "learning-mattel.com," "learningmattel.com," "mattel-learning.com," "mattelearning.com," and "mattellearning.com" as Internet domain names, including maintaining registrations for or web sites at those domain names, or from using, copying, reproducing or imitating Mattel's MATTEL Trademarks, or any confusingly similar or colorable imitation thereof, in any manner on the Internet or otherwise;

3. The balance of hardships tips decidedly in favor of issuing a preliminary injunction in favor of Mattel.

On the basis of the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED that Mattel's Motion for a Preliminary Injunction is GRANTED and:

1. Pending final judgment in this action, defendants Minox and Ahn Sang Hoon, and their officers, directors, principals, agents, servants, employees, successors and assigns and all those acting on their behalf, or in concert or participation with them, shall be and hereby are, effective immediately, enjoined from engaging in any of the following acts:

    (a) using "learning-mattel.com," "learningmattel.com," "mattel-learning.com," "mattelearning.com," and "mattellearning.com" as Internet domain names, including maintaining registrations for or web sites at those domain names, and from using, copying, reproducing or imitating Mattel's MATTEL Trademarks,

or any confusingly similar or colorable imitation thereof, in any manner on the Internet or otherwise;

    (b)    transferring to any entity or person other than Mattel the domain name registrations for "learning-mattel.com," "learningmattel.com," "mattel-learning.com," "mattelearning.com," and "mattellearning.com," or any other domain name registration that incorporates the MATTEL Trademarks;

    (c)    engaging in any other activity constituting an infringement of Mattel's MATTEL trademarks, or of Mattel's rights in said trademarks;

    (d)    engaging in any activity constituting false designation of origin with respect to Mattel's MATTEL Trademarks;

    (e)    engaging in acts of unfair competition or passing off and disparagement with respect to Mattel's MATTEL Trademarks;

    (f)    assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

    2.    Defendants Minox and Ahn Sang Hoon, and their officers, directors, principals, agents, servants, employees, successors and assigns and all those acting on their behalf, or in concert or participation with them shall within five (5) days after the entry of the preliminary injunction transfer to Mattel, Inc. the registrations for the domain names "learning-mattel.com," "learningmattel.com," "mattel-learning.com," "mattelearning.com," and "mattellearning.com," and any other domain name registrations incorporating the MATTEL Trademarks or any confusingly similar variations thereof that they own, and shall, within thirty (30) days after the entry of this preliminary injunction, file with the Court and serve on counsel for Mattel a report in writing under oath setting forth the actions taken to comply with the terms herein.

    3.    Upon entry of the preliminary injunction, Network Solutions, Inc. ("NSI") is directed to place on hold the domain name registrations for "learning-mattel.com," "learningmattel.com," "mattel-learning.com," "mattelearning.com," and

"mattellearning.com" and any other domain name registration owned by Minox or Ahn Sang Hoon that incorporates the MATTEL Trademarks.

4. If within five (5) days after the entry of the preliminary injunction, Mattel has not received the necessary information and/or documentation from Minox to begin the process of transferring the domain name registrations for "learning-mattel.com," "learningmattel.com," "mattel-learning.com," "mattelearning.com," and "mattellearning.com," and any other domain name registrations affected by this Order upon written request from Mattel, NSI is directed to transfer those domain name registrations to Mattel, Inc.

IT IS SO ORDERED.

DATED: 8-16, 1999

**DEAN D. PREGERSON**
The Honorable Dean D. Pregerson
United States District Judge

Prepared and submitted by:

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: _____
Steven M. Anderson
Attorneys for Plaintiff
Mattel, Inc.

05595/258209.1

-4-

**EXHIBIT A**

# PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, Los Angeles, California 90017-2543.

On July 15, 1999, I served the foregoing document(s) described as

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS MINOX AND AHN SANG HOON;**

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS MINOX AND AHN SANG HOON;**

**DECLARATION OF DEVEN R. DESAI IN SUPPORT OF PLAINTIFF MATEL'S MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT MINOX AND THOSE ACTING IN CONCERT WITH IT;**

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION AGAINST DEFENDANTS MINOX AND AHN SANG HOON** on all interested parties in this action

| | |
|---|---|
| X | PLACING the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list: |
| ___ | by placing ____ the original __X__ true copies thereof enclosed in sealed envelopes addressed as follows: |
| ___ | BY MAIL: |
| ___ | *I deposited such envelope in the mail at _____, California. The envelope was mailed with postage thereon fully prepaid. |
| X | As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |

**EXHIBIT A**

___ BY MAIL:

X   BY OVERNIGHT COURIER I caused each envelope with postage prepaid to be sent by <u>Federal Express</u>.

Executed on July 15, 1999, at Los Angeles, California.

___ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

<u>LORRAINE ROBLES RIVERA</u>
Type or Print Name

*[signature]*
Signature

- 8 -

**EXHIBIT A**

# SERVICE LIST

## MATTEL, INC. v. MINOX, et al.

### Case No. 99-0155x DDP (Cwx)

Ahn Sang Hoon
517-14 Deungchon-Dong kangseo-ku
Seoul, N/a 157-032
South Korea

Minox
517-14 Deungchon-Dong kangseo-ku
Seoul, N/a 157-032
South Korea

EXHIBIT A

PROOF OF SERVICE
CCP § § 1013A, 2030, 2031

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

<u>xx</u>      BY FEDERAL EXPRESS DELIVERY

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within entitled action; my business address is: **865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017**

On <u>January 3, 2000,</u> I served the foregoing document described as <u>[PROPOSED] DEFAULT JUDGMENT AGAINST DEFENDANTS MINOX AND AHN SANG HOON</u> on all interested parties in this action by placing a true copy hereof, enclosed in sealed envelopes, addressed as follows:

| | |
|---|---|
| Ahn Sang hoon | Minox |
| 517-14 Deungchon-Dong kangseo-ku | 517-14 Deungchon-Dong kangseio-ku |
| Seoul, N/a 157-032 | Seoul, N/a 157-032 |
| South Korea | South Korea |

<u>xx</u>      **BY FEDERAL EXPRESS SERVICE**
I caused such envelope to be placed in a Federal Express delivery service package with appropriate and correct directions as to its delivery and placed the package in the hands of the corresponding delivery service representative to be delivered in accordance with said directions and a receipt for same retained in our files.

<u>xx</u>      **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

<u>LAURA VALENZUELA</u>
Type or Print Name                              Signature

— 10 —